UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLORIA WHITE, an individual and on behalf of other persons similarly situated,<br><br>     Plaintiff,<br><br>v.<br><br>FIA CARD SERVICES, N.A., a federally chartered national banking association, and DOES 1-10,<br><br>     Defendants. | Civil No.12cv2034  AJB (WVG)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITHOUT PREJUDICE**<br><br>(Doc. No. 25) |

  Before the Court is Defendant's Motion to Dismiss the sole cause of action set forth in Plaintiff's Second Amended Complaint ("SAC") pursuant to Federal Rules of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. (Doc. No. 25.) Plaintiff Gloria White ("Plaintiff") brings this putative class action against Defendant FIA Card Services, N.A. ("FIA"), alleging that FIA has an impermissible policy and practice of recording and/or monitoring telephone conversations with the public, including California residents. In her SAC, Plaintiff alleges invasion of privacy in violation of California Penal Code Section 632 ("Section 632"). (Doc. No. 24.) Pursuant to Civil Local Rule 7.1.d.1, the Court finds this motion suitable for determination on the papers and without oral argument. Accordingly, the motion hearing set for March 21,

2013, is hereby vacated.  For the following reasons, the Court **GRANTS** FIA's Motion to Dismiss **WITHOUT PREJUDICE**.

## *BACKGROUND*

### I. Procedural Background

On August 8, 2012, Plaintiff filed a First Amended Complaint ("FAC") in the Superior Court of Los Angeles County, asserting one cause of action against FIA for allegedly violating Section 632 in telephone calls with its clients.  (Doc. No. 1.)  FIA removed this action to the United States District Court in the Central District of California on August 8, 2012.  (*Id.*)  On August 16, 2012, the parties filed a Stipulation to Transfer Venue to the Southern District in light of the following related action: *Knell v. Encore Receivable Mgmt., Inc.*, Case No. 3:12-cv-0426-AJB (WVG) ("*Knell*").  (Doc. No. 12.)  On August 22, 2012, Defendant filed a Notice of Related Cases identifying the similarities between this action and *Knell*, including many of the same facts, questions of law, and parties.  (Doc. No. 16.)  Accordingly, this matter was transferred to the Southern District and the undersigned on October 19, 2012.  (Doc. No. 20.)

On October 15, 2012, Defendant filed a Motion to Dismiss the FAC, (Doc. No. 19), and the parties subsequently filed a joint motion to withdraw Defendant's Motion to Dismiss the FAC and allow Plaintiff to file a Second Amended Complaint ("SAC").  (Doc. No. 22).  On October 30, 2012, the Court granted the parties' joint motion.  (Doc. No. 23.)  Accordingly, Plaintiff filed the SAC on November 8, 2012.  (SAC, Doc. No. 24.)

### II. Factual Background

FIA is a federally chartered, national banking association with its corporate headquarters in Delaware.  (*Id.* at ¶ 9.)  Plaintiff is a resident of Los Angeles County, California.  (*Id.* at ¶ 5.)  Plaintiff brings this putative class action on behalf of herself and all others similarly situated ("The Class").  The Class is defined as: "[a]ll current and former FIA clients located in California who, at any time since the date one year preceding the filing of the initial complaint, spoke with an employee or agent of FIA via

telephone, including, but not limited to cellular phones and VOIP systems, and whose telephone conversation was recorded by FIA." (*Id*. at ¶ 14.)

Within the relevant time period, Plaintiff alleges she called at least one of several phone numbers operated by FIA. (*Id*. at ¶ 5.) Plaintiff claims that when she spoke to an FIA representative during her telephone conversations about FIA services or products, FIA surreptitiously recorded those conversations without providing a verbal warning. (*Id.*)

Additionally, Plaintiff claims that FIA routinely recorded incoming telephone calls from its clients without providing any initial warning that FIA was recording the calls. (*Id*. at ¶ 6.) Plaintiff also claims that when employees of FIA made outgoing calls to clients, FIA provided no warning that it would be recording the calls. (*Id.*) Thus, Plaintiff alleges that each incoming and outgoing call, to or from any current clients of FIA from FIA or its affiliates during the relevant time period, was recorded without the clients' knowledge or consent given during the call. (*Id*.) As such, Plaintiff claims that FIA and its agents carried out a joint scheme, business plan or policy to record conversations with its clients. (*Id*. at ¶ 11.) Specifically, Plaintiff alleges that FIA had a policy or practice of recording each incoming or outgoing telephone conversation to or from any client of FIA, without notifying said individuals beforehand that the telephone conversation would or might be recorded, and that those individuals reasonably expected the communication would be confined to those parties. (*Id.* at ¶ 25.)

Further, Plaintiff alleges that the recordings of conversations between FIA and Plaintiff or members of The Class captured and recorded confidential information such as credit card account information, social security numbers, home addresses, birth dates, credit card account balances, personal financial information, credit card expiration dates, account pin numbers, and billing addresses among other things. (*Id*. at ¶ 26.) Plaintiff claims that much of aforementioned information provided during the calls with FIA is confidential and personal based upon applicable statutes and regulations of the United

///

States of America and the State of California, as well as public policy considerations. (*Id.* at ¶ 27.)

However, Plaintiff acknowledges in her SAC that she was subject to a Credit Card Agreement ("The Agreement") between herself and FIA.[1] (*Id.* at ¶ 7.) Similarly, FIA states that Plaintiff was bound by the terms of the Agreement since Plaintiff was granted an account with FIA and used and maintained the account. (Doc. 25 at 5.) The Agreement states:

> **YOUR CONTRACT WITH US**
> Your agreement with us consists of this Credit Card Agreement and any changes we make to it from time to time. The terms of this Agreement apply to you if any of you applied for and were granted an account, used the account, maintained the account, and/or otherwise accepted the account. You agree to the terms and conditions of this agreement.

(SAC, Ex. B, at 9.) Notably, the Agreement contains the following provision:

> **WE MAY MONITOR AND RECORD TELEPHONE CALLS**
> You consent to and authorize FIA Card Services, any of its affiliates, or its marketing associates to monitor and/or record any of your telephone conversations with our representatives or the representatives of any of those companies.

(Doc. No. 24, Ex. B, at 14.) Plaintiff further alleges that her Agreement with FIA is identical or substantially and materially similar to those between FIA and all of its clients. (SAC, Doc. No. 24 at ¶ 7.)

---

[1] FIA asks that the Court take judicial notice of the Agreement. (Doc. No. 25, Ex. 3, at 2.) As a general rule, courts may not consider material outside the complaint when ruling on a motion to dismiss. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). The court may, however, properly consider documents attached to the complaint. *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). "[A] court may consider evidence on which the complaint necessarily relies if: (1) the complaint refers to the document; (2) the document is central to the plaintiffs' claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (internal quotation marks and citations omitted). The court may "treat such a document as 'part of the complaint, and thus may assume that its contents are true for the purposes of a motion to dismiss under Rule 12(b)(6).'" *Marder v. Lopez,* 450 F.3d 445, 448 (9th Cir. Cal. 2006) (quoting *U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)).

Here, the Agreement is central to Plaintiff's claim of a Section 632 violation, and is specifically referred to and attached as an exhibit in her SAC. (Doc. No. 24, ¶ 7; Ex. B.) Neither party has challenged the authenticity of the document. Plaintiff specifically alleges that the Agreement is identical or substantially and materially similar to client agreements between FIA and all clients of FIA. (*Id.* at ¶ 7.) Accordingly, FIA's request for judicial notice of the Agreement is **GRANTED**.

1    Based upon these allegations, Plaintiff asserts a single cause of action against FIA
2 for invasion of privacy in violation of Section 632.

### *LEGAL STANDARD*

4    Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a
5 claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In essence, a motion
6 to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint. *Navarro v.*
7 *Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal under Rule 12(b)(6) is appropriate
8 where the complaint lacks a cognizable legal theory or sufficient facts to support a
9 cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th
10 Cir. 1990).

11    Under Federal Rule of Civil Procedure 8(a), pleadings must contain "a short and
12 plain statement showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).
13 The Supreme Court in *Twombly* and *Iqbal* clarified that the factual allegations pled must
14 support facially plausible claims which rise above the speculative level. *Ashcroft v.*
15 *Iqbal*, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must
16 contain sufficient factual matter, accepted as true, to 'state a claim to relief that is
17 plausible on its face.'"); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (allega-
18 tions "must be enough to raise a right to relief above the speculative level . . . and a
19 formulaic recitation of the elements of a cause of action will not do."). Further, a claim
20 has facial plausibility "when the plaintiff pleads factual content that allows the court to
21 draw the reasonable inference that the defendant is liable for the misconduct alleged."
22 *Iqbal*, 556 U.S. at 663 (citing *Twombly*, 550 U.S. at 556).

23    When reviewing the sufficiency of the complaint, the court must accept all
24 allegations of material fact as true and construe them in the light most favorable to the
25 nonmoving party. *Cedars-Sanai Med. Ctr. v. Nat'l League of Postmasters of U.S.*, 497
26 F.3d 972, 975 (9th Cir. 2007). In order for a complaint to survive a motion to dismiss,
27 the non-conclusory factual content and reasonable inferences from that content must
28 / / /

plausibly suggest a claim entitling the plaintiff to relief. *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

## *DISCUSSION*

FIA challenges the sufficiency of Plaintiff's SAC on the following grounds: (1) Plaintiff's cause of action for violation of Section 632 fails as a matter of law because Plaintiff consented to the recording of calls pursuant to the terms of the Agreement, (Doc. No. 25 at 6; Doc. No. 30 at 4); and (2) alternatively, FIA argues that the legislative history of Section 632 confirms it was never intended to cover the specific type of activity alleged here, (Doc. No. 30 at 8). The Court will first address whether Plaintiff has sufficiently alleged a Section 632 violation under Rule 12(b)(6).

California Penal Code Section 632 is part of California's invasion of privacy statutory scheme. In relevant part, it provides:

> Every person who, intentionally and without the consent of all parties to a confidential communication, by means of any electronic amplifying or recording device, eavesdrops upon or records the confidential communication, whether the communication is carried on among the parties in the presence of one another or by means of a telegraph, telephone, or other device, except a radio, shall be punished by a fine . . . .

Cal. Penal Code § 632(a). Specifically, Section 632 defines a "confidential communication" as "any communication carried on in circumstances as may reasonably indicate that any party to the communication desires it to be confined to the parties thereto." *Id.* at § 632(c). However, Section 632 excludes ". . . [any] circumstance in which the parties to the communication may reasonably expect that the communication may be overheard or recorded." *Id.* California Penal Code Section 637.2 authorizes a private civil right of action for any violation of Section 632. In order to succeed, a plaintiff must prove three elements: (1) an electronic recording of (or eavesdropping on); (2) a confidential communication; and (3) all parties did not consent. *See Flanagan v. Flanagan*, 27 Cal. 4th 766, 774-76 (2002).

With regard to the first element, Plaintiff alleges that FIA had a policy of electronically recording both incoming and outgoing telephone calls such that the Court finds

Plaintiff has sufficiently alleged the first element of a Section 632 claim. Indeed, FIA does not contest whether Plaintiff has sufficiently pled the first element requiring an electronic recording. Rather, FIA argues that Plaintiff has failed to sufficiently plead the second and third elements because Plaintiff consented to FIA's recording of telephone calls within the terms of the Agreement such that she could have no reasonable expectation of privacy in her telephone communications with FIA. (Doc. No. 25 at 6-8.) Accordingly, the Court will consider the sufficiency of Plaintiff's allegations with regard to the remaining elements—confidential communication and lack of consent—of a Section 632 claim.

     As to the second element requiring a confidential communication, the Court must determine whether Plaintiff's expectation of privacy was objectively reasonable under the circumstances.[2] Other courts have found this objective reasonableness inquiry involves an evaluation of the injured party's relationship with the defendant, including whether they have voluntarily consented to the defendant's specific conduct by way of an agreement. *Bailey v. Household Fin. Corp. of Ca. et al.*, Case No. 3:10-cv-0857-WQH (RBB) (Doc. No. 60, at 14) (S.D. Cal. June 29, 2011) (holding that where credit card agreement explicitly stated that telephone calls with the card issuer may be recorded, plaintiff did not have an objectively reasonable expectation that her conversation with the card issuer would not be overheard or recorded); *see People v. Nakai*, 183 Cal. App. 4th 499 (Cal. App. 2010) (refusing to extend a finding of confidentiality under Section 632 to online instant messaging conversations because the internet provider's privacy policy stated that the messages could be shared, archived, printed or saved); *Hill v. Nat'l Collegiate Athletic Assn.*, 7 Cal. 4th 1, 18 (1994) (in the context of a state constitutional cause of action for invasion of privacy, the court held that "the plaintiff in an invasion of privacy case must have conducted himself or herself in a manner consistent with an

---

[2] *See Faulker v. ADT Sec. Serv., Inc.*, 2011 WL 1812744, at *3 (N.D. Cal. May 12, 2011); *Flanagan*, 27 Cal. 4th at 766-77 (requiring an "objectively reasonable expectation that the conversation is not being overheard or recorded"); *Coulter v. Bank of Am.*, 28 Cal. App. 4th 923, 929 (1994) (establishing that the test of confidentiality is objective, and a party's subjective expectation of a private communication is irrelevant).

actual expectation of privacy, i.e., he or she must not have manifested by his or her conduct a voluntary consent to the invasive actions of the defendant."); *see also Cramer v. Consol. Freightways, Inc.*, 209 F.3d 1122, 1131 (9th Cir. 2000) (holding that privacy rights can be altered or waived under California law and that the parties' collective bargaining agreement and relationship "will inevitably inform the decision about how reasonable the employees' expectations were....").

Here, Plaintiff contends that FIA recorded, monitored, and/or eavesdropped upon by FIA without a verbal warning to Plaintiff in violation of Section 632. (Doc. No. 24, ¶ 5.) However, through the express terms of the Agreement, FIA provided Plaintiff with written notice of the potential recording and/or monitoring of calls with Plaintiff. (SAC, Doc. No. 24, Ex. B, at 14.) Significantly, Plaintiff admits that she is bound by the terms of the Agreement, (*Id.* at ¶ 7), and the Agreement clearly states that clients consent to FIA's recording of calls by virtue of the client applying for, being granted, or using and maintaining an account with FIA or its affiliates. (*Id.*, Ex. B, at 9.) Specifically, the Credit Card Agreement explicitly states: "You *consent to and authorize* FIA Card Services, any of its affiliates, or its marketing associates to *monitor and/or record any of your telephone conversations* with our representatives or the representatives of any of those companies." (*Id.*, Ex. B, at 14 (emphasis added).) Through this provision, FIA disclosed to Plaintiff the possibility that her telephone calls would be recorded such that she could no longer have a reasonable expectation of privacy in her telephonic communications with FIA.

Further, Plaintiff has alleged that the Agreement is identical or substantially and materially similar to client agreements between FIA and all clients of FIA. (*Id.* at ¶ 7.) Taking these allegations as true, every member of The Class is governed by the same provision consenting to the electronic recording of their telephone calls. Under these circumstances and pursuant to the clear terms of the Agreement, neither Plaintiff nor the other members of The Class have a reasonable expectation of privacy regarding their telephone calls with FIA. Insomuch as Plaintiff and The Class did not have an objec-

tively reasonable expectation of privacy, the telephone calls are not considered confidential communications under Section 632. As such, Plaintiff has not sufficiently pled the second element of her Section 632 claim.

With regard to the third element, Plaintiff must allege that all parties to the communication did not consent to the recording in order to sufficiently plead a Section 632 claim. *See Flanagan*, 27 Cal. 4th at 766. Here, the Agreement clearly states that FIA may record telephone communications with its clients and that the Agreement constitutes Plaintiff's consent to the recording by virtue of the Agreement's terms. (Doc. No. 24, Ex. B at 9, 14.) Thus, it appears that Plaintiff and The Class consented to the recording through the Agreement.

Nevertheless, relying upon language from *Kearney v. Salomon Smith Barney, Inc.*, Plaintiff argues that disclosure that the call is being recorded must be provided on the phone call itself; thus, Plaintiff's contends her written consent pursuant to the terms of the Agreement does not preclude Section 632 liability. (Doc. No. 29 at 7 (citing *Kearney v. Salomon Smith Barney, Inc.*, 39 Cal. 4th 95, 118 (2006).) Specifically, Plaintiff refers to the following statement in *Kearney*: "A business that adequately advises all parties to a telephone call, at the outset of the conversation, of its intent to record the call would not violate the provision." *Kearney*, 39 Cal. 4th at 118. In Plaintiff's view, this language requires an oral warning at the outset of the conversation in order to avoid Section 632 liability. Rather than construing this language as requiring a verbal disclosure on every telephone call, FIA suggests that the court in *Kearney* was simply noting a business' ability to avoid Section 632 liability altogether by providing the disclosure at the outset of the call. Notably, the language relied upon by Plaintiff is followed by a footnote detailing other circumstances in which Section 632 liability may be avoided. *Kearney*, 39 Cal. 4th at 118 n. 9. Moreover, *Kearney* did not involve the issue of whether consent exists by virtue of a written disclosure, or even consent generally. As

///

///

such, the Court is inclined to agree with FIA's view and declines to create a verbal disclosure requirement that is not expressly provided by the statute itself.[3]

Plaintiff also suggests that the Agreement cannot be considered Plaintiff's consent to FIA's recording of her telephone calls in that the Agreement does not state that *every* telephone call will be recorded. Certainly, the Agreement does not state that *every* call will be recorded, but rather states more generally that FIA *may* monitor and record telephone calls. (Doc. No. 24, Ex. B at 14.) Through this permissive language, the provision allows FIA to record telephone communications at its own discretion without require or precluding FIA from recording every telephone communication. Ultimately, whether the Agreement states that FIA *will record every* telephone call or *may record any* telephone call has no effect upon Plaintiff's consent to the recording. Plaintiff has consented to the possibility that her telephone calls will be recorded in either circumstance. Moreover, Plaintiff cannot have a reasonable expectation of privacy in any telephone communication with FIA as she "*may* reasonably expect that the communication may be overheard or recorded" in either circumstance.

In sum, Plaintiff has not sufficiently pled the second and third elements of a Section 632 claim in light of the Agreement between FIA and its clients. The Agreement constitutes both a disclosure that the telephone calls may be recorded that removes any reasonable expectation of privacy in telephone calls with FIA and also Plaintiff's consent to FIA's electronic recording of her telephone calls. Plaintiff has not articulated a rational basis for finding otherwise. For the reasons set forth above, Plaintiff cannot establish a reasonable expectation of privacy in her telephone conversations with FIA such that the calls can be considered confidential communications under Section 632. Moreover, Plaintiff has not established lack of consent by all the parties in light of her

---

[3] The Ninth Circuit has held that prior cases are not controlling precedent on issues that were neither contested nor ruled upon. *See Matter of Baker*, 693 F.2d 925, 925-26 (9th Cir. 1982). *Kearney* did not involve the issue of written consent, or even whether a plaintiff could have a reasonable expectation of privacy where written notice has been provided. Instead, *Kearney* revolved around a choice of law issue regarding the interstate applicability of California's Section 632. Thus, Defendant is correct in stating that Plaintiff misinterprets non-binding dicta from *Kearney* to support her argument that "[t]he law requires disclosure at the outset of each call." (Doc. No. 30 at 6; Doc. No. 29 at 7.)

written consent pursuant to the terms of the Agreement. As such, the Court finds Plaintiff has not sufficiently pled confidential communications and lack of consent by all the parties as required for a Section 632 claim.[4]

## *CONCLUSION*

Accordingly, FIA's Motion to Dismiss Plaintiff's SAC is **GRANTED**, and Plaintiff's claim for invasion of privacy under Section 632 is hereby **DISMISSED WITHOUT PREJUDICE.** Plaintiff may file a motion for leave to file a Third Amended Complaint within thirty days from the date of this order pursuant to Federal Rules of Civil Procedure 12(a)(4). The Third Amended Complaint must remedy the factual and legal deficiencies set forth herein if it can. A failure to file a Third Amended Complaint within the time allowed, will result in a dismissal of the action **WITH PREJUDICE.**

**IT IS SO ORDERED.**

DATED: February 26, 2013

_____
Hon. Anthony J. Battaglia
U.S. District Judge

---

[4] In that FIA seeks dismissal of Plaintiff's claim based upon the existence of a "service-observing" exception to Section 632, the Court need not address the issue as Plaintiff has failed to articulate a viable Section 623 claim. Similarly, Plaintiff's objections to FIA's introduction of this new argument in its reply brief are overruled as moot as the Court does not consider the merits of FIA's "service-observing" exception argument herein. (Doc. Nos. 31 and 32.). However, in the event that Plaintiff files a Third Amended Complaint and FIA seeks dismissal on the basis of the alleged "service-observing" exception, the Court notes the unlikelihood of FIA's success on the merits of such an argument. For an in-depth discussion of the issue, see the Court's analysis in *Knell v. Encore Receivable Mgmt., Inc.*, Case No. 3:12-cv-0426-AJB (WVG) (Doc. No. 30 at 9-13) (S.D. Cal. Feb. 21, 2013).